UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-00032-FDW

| | |
|---|---|
| BRADLEY L. MAUNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| BURKE COUNTY SHERIFF'S OFFICE, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2); 1915A. The Plaintiff is proceeding in forma pauperis. [Docs. 2, 8].

**I.  BACKGROUND**

Pro se Plaintiff Bradley L. Mauney ("Plaintiff") is a North Carolina prisoner currently incarcerated at Piedmont Correctional Facility in Salisbury, North Carolina. He has filed suit under 42 U.S.C. § 1983 against the following Defendants: (1) Burke County Sheriff's Office; (2) Burke-Catawba District Confinement Facility (BCDCF); (3) FNU Bollinger, identified as a Corporal Detention Officer for the BCDCF; and (4) FNU Marshall, identified as a Sergeant Detention Officer for the BCDCF. [Doc. 1]. Plaintiff alleges that these Defendants violated his rights under the First, Eighth, and Fourteenth Amendments to the U.S. Constitution and under the Americans with Disabilities Act (ADA) and Section 504 of Rehabilitation Act (the "Rehab Act"). [Id. at 4].

In support of these claims, Plaintiff alleges that following:

Plaintiff, Bradley L. Mauney who is deaf, was picked up at Guilford County Detention Center by Burke County Sheriff's Office to be transported to Burke-Catawba District Confinement Facility on Tuesday August 28th, 2018.

Upon arrival, around 7 pm, Plaintiff was placed in booking holding cell with twelve other men. Each one of them had chance to go out to use the telephone. When it was plaintiff's turn to use the telephone, the door was popped open, Plaintiff walked out and told Corporal Bollinger and Sergeant Marshall that he is deaf and wants to use the tty telephone[1] by signing "Telephone" with his hands.

Corporal Bollinger said "NO" and told plaintiff to get back in the holding cell, Mauney kept signing "telephone" to Corporal Bollinger and Sergeant Marshall, Corporal Bollinger came around the desk and started pushing me into holding cell, and I said "NO," I want to use the tty"

Corporal Bollinger and Sergeant Marshall took me and turned me around and slammed handcuffs on my hands too tight and escort me down the hallway.

We came upon a padded cell, Corporal Bollinger and Sergeant Marshall took me in the room then they shove me down on the floor and slammed my head against the wall. Corporal Bollinger took handcuffs off my right hand and I brought my freed hand around to front to try to sign "telephone" and Sergeant Marshall mace sprayed me in the face.

Corporal Bollinger took my head and slammed against the wall and started slapping and punching at side of my head and then started stomping and kicking my left leg and feet while I was still on the floor. Corporal Bollinger also applied Mandibular Angle Nerve pressure onto behind of my right ear with thumb and took the handcuffs off my left hand.

I stood up and faced Corporal Bollinger and Sergeant Marshall. Then Sergeant Marshall pulled out his taser gun and pointed it my face and ordered me to strip down naked and took my clothes.

---

[1] TTY stands for Text Telephone, which is a special device that allows people who are deaf, hard of hearing, or speech-impaired to type messages back and forth instead of talking and listening.

> They left me in that padded room for approximately five hours still covered with mace spray all over my face. During that time, they came to look through the door window every fifteen minutes, I made numerous requests for a shower and drinking water to clean mace spray off my face, and they refused. I was half blind and burning for almost five hours.
>
> Around One A.M. on Wednesday, August 29th, 2018, Corporal Bollinger came and got me out of padded cell and took me to shower to clean the mace spray off my face. Then put me in isolated cell till they took me to court that day.
>
> …
>
> [After my court appearance,] [t]hey took me back to [BCDCF]. Upon arrival, I asked to use the TTy telephone and they refused and put me in segregation cell and still denying my requests for tty telephone call all day.
>
> On Thursday August 30th, 2018, Burke County Sheriff office transported me back to Craven Correctional Institution. Upon arrival, I went straight to medical and saw nurse regarding the swelling, bruises and pain on my left leg. The nurse made an report and asked me to write statement and had an officer to take photographs and sent me back to my dorm.

[Id. at 6-8 (grammatical and spelling errors uncorrected)].

Plaintiff contends that his Eighth Amendment rights were violated through the use of excessive force and cruel and unusual punishment; that his First Amendments rights were violated by the refusal to allow Plaintiff to speak with his family, friends, and attorney; that his rights under the ADA and the Rehab Act were violated by the refusal to provide Plaintiff with a TTY telephone; and that his Fourteenth Amendment rights were violated through the violation of his rights under the ADA and Rehab Act. [Id. at 4].

Plaintiff seeks compensatory and punitive damages and injunctive relief requiring Defendants to provide TTY telephones to all deaf inmates upon request. [Id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

As to Defendant Burke County Sheriff's Office, the sheriff's office is not a legal entity capable of being sued. As such, the Burke County Sheriff's Office will be dismissed as a Defendant in this matter.

As to Defendant BCDCF, a correctional institution is not a "person" subject to suit under Section 1983. See Brooks v. Pembroke Cnty. Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989). As such, Plaintiff's claims against Defendant BCDCF will be dismissed from this action.

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Court first addresses Plaintiff's claim of violation of his First Amendment rights based on Defendants' alleged refusal to allow Plaintiff to speak with his friends, family, and attorney.

4

Taking Plaintiff's allegations as true and drawing all reasonable inferences therefrom, the Plaintiff's claim under the First Amendment survives initial review against Defendants Bollinger and Marshall, as it is not clearly frivolous. See Owens-El v. Robinson, 442 F.Supp. 1368, 1386 (W.D. Penn. Jan. 4, 1978) ("Inmates have a constitutional right, protected by the First Amendment, to communicate with friends, relatives, attorneys, and public officials by means of visits, correspondence, and telephone calls.") (citation omitted).

Next, as for Plaintiff's Eighth Amendment claim, the Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).

Plaintiff claims Defendants Bollinger and Marshall used excessive force against him in violation of the Eighth Amendment to the U.S. Constitution. The Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Albers, 475 U.S. at 320-21.

Taking Plaintiff's allegations as true, the Court finds that the Plaintiff has stated a claim against Defendants Bollinger and Marshall for the use of excessive force in violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. This claim, therefore, survives initial review.

Plaintiff also brings claims against Defendants for violation of his rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act of 1973 by failing to provide the Plaintiff, who is deaf, with access to a TTY telephone. Taking Plaintiff's allegations as true for the purposes of initial review, and construing all inferences in Plaintiff's favor, the Court finds that the Plaintiff's allegations of ADA and Rehab Act violations against Defendants Marshall, Bollinger, and BCDCF survive initial review. See Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 210 (1998) (holding that the ADA applies to state prisons); Paulone v. City of Frederick, 718 F.Supp.2d 626, 634 (D. Md. Feb. 17, 2010) (deaf arrestee plaintiff stated claim for ADA violation during her detention where she alleged she was denied use of a working TTY to call from the detention center, help in reading and understanding forms, and access to a sign language interpreter); Latson v. Clarke, 249 F.Supp. 838, 857 (W.D. Va. Apr. 20, 2017).

Finally, Plaintiff's claim for violation of the Fourteenth Amendment through the same conduct he alleges violated the ADA and Rehab Act also survives initial review as to Defendants Marshall and Bollinger, Latson, 249 F.Supp. at 865, but not as to Defendant BCDCF, as BCDCF is not a proper defendant in a Section 1983 claim.

## IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A as to Defendants FNU Bollinger, FNU Marshall, and Burke-Catawba District Confinement Facility in accordance with the terms of this Order. Defendant Burke County Sheriff's Office will be dismissed as Defendants in this matter.

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Complaint [Doc. 1] survives initial review under § 1915(e) and 28 U.S.C. § 1915A as to Defendants Bollinger and Marshall on Plaintiff's First, Eighth and Fourteenth Amendment claims and as to Defendants Bollinger, Marshall, and BCDCF for violations of the Americans with Disabilities Act and the Rehabilitation Act. The remainder of Plaintiff's claims shall be dismissed, and Defendant Burke County Sheriff's Office shall be dismissed as a defendant in this matter.

(2) The Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and identify Defendants Bollinger, Marshall, and Burke-Catawba District Confinement Facility in the summonses for service of process, and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. Once the Court receives summonses from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon Defendants Bollinger, Marshall, and Burke-Catawba District Confinement Facility.

Signed: October 31, 2019

Frank D. Whitney
Chief United States District Judge