# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-00032-FDW

| | |
|---|---|
| BRADLEY L. MAUNEY, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| BURKE-CATAWBA DISTRICT ) | |
| CONFINEMENT FACILITY, et al., ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment [Doc. 17] and Defendants' Motion to Set Aside Entry of Default [Doc. 19].

## I.     BACKGROUND

On January 30, 2019, Plaintiff, a prisoner of the State of North Carolina currently incarcerated at Piedmont Correctional Institution in Salisbury, North Carolina, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the U.S. Constitution, the Americans with Disabilities Act (ADA) and the Rehabilitation Act while he was detained at the Burke-Catawba District Confinement Facility (BCDCF). [Doc. 1]. Plaintiff's Complaint survived initial review on certain claims and against all but Defendant Burke County Sheriff's Office, who was dismissed as a Defendant in this matter. [Doc. 12]. The remaining Defendants were served, and their answers were due by November 25, 2019. On December 18, 2019, Plaintiff moved for entry of default, as Defendants had yet to plead or otherwise respond in the action. [Doc. 15]. The Clerk entered default against Defendants. [Doc. 16]. On January 24, 2020, Plaintiff moved for default judgment, seeking as relief (1) a preliminary and permanent injunction ordering all Defendants provide a Tty telephone to all deaf inmates immediately upon their request; (2)

compensatory damages in the amount of $50,000.00 against each Defendant jointly and severally for Plaintiff's injuries; and (3) punitive damages in the amount of $1,000,000.00 against each Defendant jointly and severally to punish Defendants for their actions. [Doc. 17].

On February 3, 2020, Sean Perrin filed a Notice of Appearance on behalf of all Defendants. [Doc. 3]. On February 5, 2020, Defendants filed a Motion to Set Aside Entry of Default. [Doc. 19]. As grounds for setting aside the entry of default, defense counsel states that, due to an oversight, he was not assigned to defend the lawsuit until January 31, 2020. [Doc. 20 at 3]. An administrative assistant for the BCDCF opened the default judgment motions that Plaintiff mailed to the BCDCF for service on the remaining Defendants. The assistant forwarded the motion for default judgment to the county's insurer on January 30, 2020. [Doc. 20-3 at ¶¶ 1-2, 6: Declaration of Sue Hensley]. Defendants further argue that there is good cause to set aside the default because Defendants have meritorious defenses, Defendants acted with reasonable promptness after the entry of default, and Plaintiff will not be prejudiced by setting aside the entry of default. [Doc. 20 at 3-7].

## II.     DISCUSSION

Federal Rule of Civil Procedure 55(a) allows for the entry of default against a defendant who fails to "plead or otherwise defend." Fed. R. Civ. P. 55(a). Under Rule 55(c), the Court may set aside an entry of default upon a showing of "good cause." Fed. R. Civ. P. 55(c). Rule 55(c) must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987) (quoting Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969)). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Tolson, 411 F.2d at 130.

When deciding whether to set aside an entry of default, this Court should "consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc., 616 F.3d 413 (4th Cir. 2010) (quoting Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006)).

Here, these considerations weigh heavily in favor of lifting the default entered against Defendants. "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). Defendants have proffered a defense based on Plaintiff's failure to exhaust administrative remedies for Plaintiff's claims under 42 U.S.C. § 1983. [Doc. 20 at 4]. The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that, under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id. Defendants present evidence that, during Plaintiff's incarceration, Defendant BCDCF had a grievance policy and that Plaintiff has admitted that he failed to file any grievances. [Doc. 20 at 5].

Defendants also deny the material allegations of the Complaint and contend that the individual Defendants may be entitled to qualified immunity. [Id.]. Finally, as to meritorious

defenses, Defendants contend that neither the ADA nor the Rehabilitation Act provide any cause of action to sue individual defendants in their individual capacities. [Id. at 6 (citing Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999))].

Defendants have also demonstrated they acted with reasonable promptness to address the entry of default, as described in detail above. Further, there is no history of dilatory tactics, and Plaintiff will not be prejudiced by setting aside the entry of default. See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808,812 (4th Cir. 1988) (setting aside default judgment where there was "no disadvantage to [plaintiff] beyond that suffered by any party which loses a quick victory"). Further, the delay here was minimal. There is no scheduling order in place for this case. Plaintiff, therefore, will have the full time and opportunity to prosecute his case. See Lewis v. Jordan, No. 1:09-cv-21, 2009 WL 3718883, at *3 (M.D.N.C. Nov. 4, 2009) (no prejudice to plaintiff in setting aside entry of default, where parties had not yet engaged in discovery).

The considerations guiding the Court's determination here weigh heavily in Defendants' favor. As such, the Court will grant Defendants' motion to lift entry of default and deny Plaintiff's motion for default judgment.

## III. CONCLUSION

In sum, Defendants have shown good cause to lift the entry of default. The Court will, therefore, deny Plaintiff's motion for default judgment and grant Defendants' motion to set aside default.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for Default Judgment [Doc. 17] is **DENIED**.

2. Defendants' Motion to Set Aside Default [Doc. 19] is **GRANTED**.

3. Defendants have twenty-one (21) days from this Order to answer or otherwise respond to Plaintiff's Complaint.

Signed: February 11, 2020

Frank D. Whitney
Chief United States District Judge